UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOPHIA ALLOS,

    Plaintiff,

v.

FANNIE MAE a/k/a FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

    Defendant.

Case No. 12-15381

Hon. Julian Abele Cook
Mag. Judge Laurie J. Michelson

_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [6]

Following several loan modification offers, the foreclosure sale of Plaintiff Sophia Allos' property in Sterling Heights, Michigan, and the expiration of her statutory right to redeem the property, Plaintiff, by her counsel Emmett Greenwood, brought this lawsuit asserting (i) quiet title, (ii) assignment of mortgage without the note, (iii) unjust enrichment, (iv) breach of implied agreement/specific performance, and (v) breach of Michigan Compiled Laws § 600.3205c. (Dkt. 1, Not. of Removal, Ex. A.) This Court, and other courts in this District, have previously dismissed virtually identical claims in other cases prosecuted by Greenwood. Perhaps recognizing this, Defendant Federal National Mortgage Association ("Fannie Mae") filed a Motion for Summary Judgment (Dkt. 6) which has been referred to this Court for a Report and Recommendation (Dkt. 8). Plaintiff filed a Response (Dkt. 7) and Defendant filed a Reply (Dkt. 9). Having carefully reviewed the relevant pleadings and briefing, the Court finds oral argument to be unnecessary, *see* E.D. Mich. LR 7.1(f), and RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED.

The Chief Judge of the Eastern District of Michigan recently had this to say in dismissing

another case brought by Greenwood:

> As this Court has discussed at length in rulings in other cases, *see, e.g.*, *Landis v. Fannie Mae*, No. 12-11996, 2013 U.S. Dist. LEXIS 17075, 2/8/2013 Opinion and Order at 2-3; *Phelps v. Nations Star Mortgage LLC*, No. 12-12589, 11/9/2012 Show Cause Order at 2; *Nagy v. Federal National Mortgage Ass'n*, No. 12-14149, 11/9/2012 Show Cause Order at 2, the initial pleading filed in this case by Plaintiff's counsel, Emmett Greenwood, is a cut-and-paste, cookie cutter complaint that is word-for-word identical to the complaints Mr. Greenwood has filed in dozens of other cases since the beginning of 2012, none of which has survived dispositive motion practice.
>
> On January 22, 2013, in accordance with a practice noted, and strongly disapproved of, by this Court in this and other cases, *see, e.g., Landis*, No. 12-11996, 2013 U.S. Dist. LEXIS 17075, 2/8/2013 Opinion and Order at 3-8; *Phelps*, No. 12-12589, 11/9/2012 Show Cause Order at 3-4; *Nagy*, No. 12-14149, 11/9/2012 Show Cause Order at 3-4, Mr. Greenwood filed a response to Defendant's motion on his client's behalf that is once again word-for-word identical to response briefs Mr. Greenwood has filed in other cases, despite the fact that this canned brief has been uniformly unsuccessful in staving off the dismissal of his clients' complaints. Furthermore, Mr. Greenwood filed his cookie-cutter Response Brief in this case less than a week after another Judge of this Court specifically advised him of the lack of legal merit in the arguments he presents. *See Rabbah v. Federal Home Loan Mortgage Corp.*, No. 12-14599, 2013 U.S. Dist. LEXIS 5724, Jan. 15, 2013 Opinion and Order Granting Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Cox, J.); *see also Youif v. Deutsche Bank National Trust Co*., No. 12-11387, Jan. 8, 2013 Opinion and Order (Zatkoff, J.).
>
> It should come as no surprise, therefore, that Plaintiff's cookie cutter response brief -- aptly described by another court in this District as an "empty exercise," *Jewell v. Federal National Mortgage Ass'n*, No. 12-10979, 11/30/2012 Order at 5 (Cleland, J.) -- fares no better here than in the many other cases in this District where Mr. Greenwood had made this identical submission.

*Bollini v. Wells Fargo Bank, N.A.*, No. 13-10136, 2013 U.S. Dist. LEXIS 75046 (E.D. Mich. May 29, 2013); *see also Saroki v. Bank of N.Y. Mellon*, No. 12-13961, 2012 U.S. Dist. LEXIS 160890 (E.D. Mich. Oct. 31, 2012) (likewise explaining that "Mr. Greenwood has filed the identical

cookie-cutter complaint in every case (at least those filed in the last year) and the judges in this District consistently have held that the complaint fails to state a claim upon which relief may be granted.").

As the Chief Judge further advised in *Bollini*:

> There is no need for this Court to recite at any length the grounds for granting Defendant's motion, because they have been thoroughly and ably stated in prior suits decided against materially indistinguishable backdrops. First, Plaintiff's claim of quiet title is subject to dismissal because it is undisputed that the six-month statutory redemption period with respect to the property at issue expired on January 3, 2013, at which point Plaintiff's rights in and title to the property were extinguished. *See Rabbah v. Federal Home Loan Mortgage Corp.*, No. 12-14599, 2013 U.S. Dist. LEXIS 5724, 2013 WL 153729, at *3-*4 (E.D. Mich. Jan. 15, 2013) (Cox, J.); *Saroki v. Bank of New York Mellon*, No. 12-13961, 2012 U.S. Dist. LEXIS 160890, 2012 WL 5379169, at *3-*4 (E.D. Mich. Oct. 31, 2012) (Duggan, J.); *Wicht v. Federal Home Loan Mortgage Corporation*, No. 12-12965, 2013 U.S. Dist. LEXIS 39744, 3/22/13 Order, p. 3. Upon the expiration of this redemption period, "the mortgagor may undo the [sheriff's sale of the property] only by demonstrating fraud or irregularity in the foreclosure proceedings," and Mr. Greenwood's canned complaint has uniformly been found to lack any such allegations which, if proven, would support the requisite finding of fraud or irregularity. *Saroki*, 2012 U.S. Dist. LEXIS 160890, 2012 WL 5379169, at *4; *see also Rabbah*, 2013 U.S. Dist. LEXIS 5724, 2013 WL 153729, at *4; Wicht, No. 12-12965, 2013 U.S. Dist. LEXIS 39744 at p. 3 . . . .
>
> Plaintiff's claim of unjust enrichment is similarly subject to dismissal because this implied contract theory of recovery is unavailable where, as here, there is an express contract governing the parties' relationship. *See Rabbah*, 2013 U.S. Dist. LEXIS 5724, 2013 WL 153729, at *4; *Saroki*, 2012 U.S. Dist. LEXIS 160890, 2012 WL 5379169, at *4-*5; *Behnam v. Green Tree Servicing LLC*, No. 12-12303, 8/14/2012 Opinion and Order at 3-4 (Rosen, C.J.). Plaintiff's claim of a breach of an implied agreement also must be dismissed, in the absence of any allegations that would evidence the parties' shared intention to enter into an agreement to modify Plaintiff's loan. *See Rabbah*, 2013 U.S. Dist. LEXIS 5724, 2013 WL 153729, at *5; *Saroki*, 2012 U.S. Dist. LEXIS 160890, 2012 WL

> 5379169, at *5 . . . .
>
> Finally, Plaintiff's claim of a violation of M.C.L. § 600.3205c also must be dismissed . . . . [A]s this Court has previously observed, the statute "does not demand . . . that a lender modify a mortgage," *Behnam*, No. 12-12303, 8/14/2012 Op. at 5, but merely requires that the lender undertake an inquiry whether a borrower qualifies for a loan modification upon the borrower's request for such a modification and submission of the appropriate documentation . . . .

*Bollini*, 2013 U.S. Dist. LEXIS 75046, at *2-4.

As for Count II of the Complaint in this case, it once had the "distinction of alleging the only original cause of action in Mr. Greenwood's otherwise meritless, cookie-cutter filing[s]." *Visingardi v. Fed. Nat'l Mtg. Assn*, No. 12-14974, 2013 U.S. Dist. LEXIS 80955, at *4-5 (E.D. Mich. June 10, 2013). But it too has been addressed and rejected by the courts of this District:

> Count II of Plaintiff's Complaint – "Assignment of the Mortgage without the Note" . . . . appears to argue that (i) Defendant breached a duty to provide, upon request, authenticated copies of the promissory note signed by Plaintiff, and (ii) that splitting the mortgage from the note nullifies the assignment and entitles Plaintiff to relief. But . . . neither of these contentions state a claim for relief. Nothing in Michigan law nor the parties' contract requires Defendant to produce authenticated copies of the promissory note prior to foreclosure, and public records clearly demonstrate the existence of the promissory note in question. Further, the Michigan Supreme Court has specifically held that the mortgage and note "need not be in the same hands" and that "[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). Thus, despite the early promise it showed as a new addition to Mr. Greenwood's standard filing, Count II falls the way of its cookie-cutter brethren and must be dismissed.

*Visingardi*, 2013 U.S. Dist. LEXIS 80955, at *4-5.

The Court has reviewed the Complaint and summary-judgment response that Greenwood has filed on behalf of the Alloses. The Complaint is the same "cookie cutter complaint" and the

response the same "canned response brief" filed in *Bollini*, *Visingardi* and many other cases. Thus, for the same reasons provided in those cases, Fannie Mae is entitled to summary judgment. It is undisputed that Plaintiff defaulted under the terms of her loan agreement, that the foreclosure is complete, and that the redemption period expired without Plaintiff availing herself of the right to redeem or without having converted the foreclosure sale to a judicial foreclosure. The record is equally undisputed that Fannie Mae was assigned the mortgage and negotiated with Plaintiff in good faith and offered her two separate opportunities to modify her loan, which she declined. (Mot. for Summ. J. at 5, Exs. F and G.) After reviewing the record, the Court is persuaded by the arguments in Defendant's motion, as well as the ruling in *Bollini* and those in numerous other similar cases brought by Plaintiff's counsel. *See, e.g.*, *Visingardi*, 2013 U.S. Dist. LEXIS 80955, *1-2 (discussing cases); *Shamoun v. Fed. Nat'l Mtg. Ass'n*, No. 12-5608, 2013 U.S. Dist. LEXIS 71392 (E.D. Mich. May 21, 2013) (dismissing identical claims); *Saroki*, 2012 U.S. Dist. LEXIS 160890 (same).

Accordingly, because there is no genuine issue of material fact in dispute and Defendant is entitled to judgment as a matter of law on Plaintiff's claims, the Court RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED and Plaintiff's Complaint DISMISSED WITH PREJUDICE.

**FILING OBJECTIONS TO THIS REPORT**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                                      s/Laurie J. Michelson  
                                                      LAURIE J. MICHELSON  
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: October 24, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 24, 2013.

                                                      s/Jane Johnson  
                                                      Deputy Clerk